UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PUNAM A. KAURA,<br><br>    Plaintiff,<br><br>    v.<br><br>UNITED STATES POSTAL SERVICE,<br><br>    Defendant. | No. 2:21–cv–1942–KJM–CKD PS<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

On September 28, 2021, plaintiff filed a complaint in California state court which defendant removed to this court on October 19, 2021.[1] (ECF No. 1.) On October 21, 2021, defendant filed a motion to dismiss and set the hearing to take place on December 9, 2021. (ECF No. 8.) By minute order, the hearing was reset to take place on December 8, 2021. (ECF No. 5.)

Plaintiff did not file a response to defendants' motion to dismiss. On December 2, 2021, the court vacated the scheduled hearing and ordered plaintiff to show cause, in writing and within 14 days, why the failure to oppose the motion to dismiss should not waive the right to oppose the motion and why this action should not be dismissed. (ECF No. 10.) That time period has expired and plaintiff has not responded to the order to show cause. Accordingly, the undersigned recommends this case be dismissed for failure to prosecute.

---

[1] Because plaintiff proceeds without the assistance of counsel, this matter is referred to the undersigned pursuant to Local Rule 302(c)(21). See 28 U.S.C. § 636(b)(1).

1

Eastern District Local Rule 183(a) provides, in part:

> Any individual representing himself [] without an attorney is bound by the Federal Rules of Civil or Criminal Procedure, these Rules, and all other applicable law. All obligations placed on "counsel" by these Rules apply to individuals appearing in propria persona. Failure to comply therewith may be ground for dismissal, judgment by default, or any other sanction appropriate under these Rules.

See also King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987) ("Pro se litigants must follow the same rules of procedure that govern other litigants") (overruled on other grounds). A district court may impose sanctions, including involuntary dismissal of a plaintiff's case pursuant to Federal Rule of Civil Procedure 41(b), where that plaintiff fails to prosecute his or her case or fails to comply with the court's orders, the Federal Rules of Civil Procedure, or the court's local rules. See Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991) (recognizing that a court "may act sua sponte to dismiss a suit for failure to prosecute"); Hells Canyon Preservation Council v. U.S. Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005) (stating that courts may dismiss an action pursuant to Federal Rule of Civil Procedure 41(b) sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or the court's orders); Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995) (per curiam) ("Failure to follow a district court's local rules is a proper ground for dismissal."); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992) ("Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss an action for failure to comply with any order of the court."); Thompson v. Housing Auth. of City of L.A., 782 F.2d 829, 831 (9th Cir. 1986) (per curiam) (stating that district courts have inherent power to control their dockets and may impose sanctions including dismissal or default).

A court must weigh five factors in determining whether to dismiss a case for failure to prosecute, failure to comply with a court order, or failure to comply with a district court's local rules. See, e.g., Ferdik, 963 F.2d at 1260. Specifically, the court must consider:

> (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.

Id. at 1260-61; accord Pagtalunan v. Galaza, 291 F.3d 639, 642-43 (9th Cir. 2002).

////

Here, the first two factors considering the public's interest in expeditious resolution of litigation and the court's need to manage its docket weigh in favor of dismissal, because this case has already been delayed by plaintiff's failure to take the steps necessary to move this case forward. The third factor also slightly favors dismissal, because, at a minimum, defendants have been deprived of an opportunity to obtain a ruling on their pending motion to dismiss and promptly defend the case. In addition, the fifth factor, availability of less drastic alternatives, favors dismissal. Plaintiff has been incommunicado since this case was removed to this court. This leaves the court with little alternative but to recommend dismissal.

Finally, the fourth factor considering the public policy favoring disposition of cases on their merits is outweighed by the other factors. Here, it is plaintiff's failure to prosecute the case that precludes a resolution on the merits. Therefore, after carefully evaluating the requisite factors, the court concludes dismissal is appropriate.

In accordance with the above, IT IS HEREBY RECOMMENDED:

1. This action be DISMISSED pursuant to Federal Rule of Civil Procedure 41(b); and

2. The Clerk of Court be directed to CLOSE this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served on all parties and filed with the court within fourteen (14) days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the district court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

**ORDER**

In light of the above recommendations, IT IS ALSO HEREBY ORDERED:

1. The Initial Scheduling Conference set for March 23, 2022 is VACATED; and

////

2. All pleading, discovery, and motion practice in this action are stayed pending resolution of the findings and recommendations. With the exception of objections to the findings and recommendations and any non-frivolous motions for emergency relief, the court will not entertain any motions or other filings until the findings and recommendations are resolved.

Dated: January 5, 2022

_Carolyn K. Delaney_
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8.Kaura21cv1942.dismftp